IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JO ANN CHAMPION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:94cv1553-D |
| ) | (WO) |
| CENTRAL ALABAMA ELECTRIC ) | |
| COOPERATIVE, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Before the court is Plaintiff's request for temporary injunction, filed October 6, 2005 (Doc. No. 16), which the court construes as a motion for temporary restraining order. After careful consideration of the contentions of Plaintiff, who is proceeding *pro se*, the relevant law, and the record as a whole, the court finds that Plaintiff's motion is due to be denied.

It is well settled that a temporary restraining order ("TRO") is an extraordinary remedy that should not be granted unless the movant demonstrates the following four elements: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm if the TRO is not granted; (3) the threatened injury to the movant outweighs any harm to the nonmovant which may result from the issuance of a TRO; and (4) the TRO serves the public interest. See Ingram v. Ault, 50 F.3d 898, 900 (11th Cir. 1995).

Ten years ago, the court entered a Memorandum Opinion in the above-styled cause, explaining why federal courts do not have federal question jurisdiction pursuant to the United States Constitution or statute to adjudicate a claim by a private citizen that a privately-owned utility company wrongfully terminated the services of its customer.[1] This is true even where the utility company holds a monopoly in providing electrical services to the area.  See Kearson v. Southern Bell Tel. & Tel. Co., 763 F.3d 405, 407 (11th Cir. 1985) (per curiam); (see also Champion v. Central Ala. Elec. Coop., et al., Civ. No. 2:94cv1553-D (M.D. Ala. Jan. 24, 1995).)  No other basis for jurisdiction exists in this dispute between Plaintiff and the named Defendants, all of whom are deemed citizens of the State of Alabama.  See 28 U.S.C. § 1332(a)(1).

Although the court is sympathetic to the plight of Plaintiff, it simply lacks jurisdiction to decide this controversy.  Because jurisdiction is absent, the court finds that Plaintiff cannot demonstrate a substantial likelihood of success on the merits.

It is, therefore, CONSIDERED and ORDERED as follows:

(1) The Clerk is DIRECTED to reopen this case for the purpose of permitting the court to rule on the present motion;

---

[1] In a telephone conference on October 5, 2005, Plaintiff's spouse stated that Plaintiff never received a copy of the court's Memorandum Opinion entered in this cause on January 24, 1995.  As a courtesy, the court has attached to this Order a copy of its Memorandum Opinion and Judgment for service on Plaintiff.

Additionally, the court notes that defense counsel has indicated his willingness to discuss the instant matter with Plaintiff.  Accordingly, on October 5, the court provided Plaintiff's spouse with the telephone number of J. Theodore Jackson, Jr., Esquire, of Rushton, Stakely, Johnston & Garrett, PC, Montgomery, Alabama.  Again, Mr. Jackson's telephone number is 334-206-3252.

(2) Plaintiff's motion for temporary restraining order be and the same is hereby DENIED;

(3) this cause be and the same is hereby DISMISSED with prejudice; and

(4) the clerk shall effect service on Plaintiff by certified mail, return receipt requested, to the address set forth in Plaintiff's motion for temporary restraining order which is as follows: 284 Pinewood Drive, Millbrook, Alabama 36054.

DONE this 6th day of October, 2005.

/s/ Ira DeMent
SENIOR UNITED STATES DISTRICT JUDGE